# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01999-JGB (JDE) | Date | October 24, 2019 |
| Title | Mark P. Gansert v. Orange County, California, et al. | | |

Present: The Honorable John D. Early, United States Magistrate Judge

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order to Show Cause

## I.
## BACKROUND

On October 21, 2019, Plaintiff Mark P. Gansert ("Plaintiff"), who is currently incarcerated at the Orange County Jail, Theo Lacy Facility, located in Orange, California (the "Jail"), proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 relating to the quality of his medical care at the Jail. Dkt. 1 ("Complaint") at 1-4 (page references to the Complaint herein refer to CM/ECF pagination); Dkt. 2 ("IFP Request"). The complaint form used by Plaintiff is not the form approved for prisoner civil rights complaints in this District.

The Complaint asserts that Plaintiff has commenced the grievance procedure that is available at the Jail, but the grievance procedure has not been completed. Complaint at 2. The IFP Request by Plaintiff does not include a certified copy of the balance of his trust account, or its equivalent for the Jail, for the prior six months.

## II.
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life (Porter v. Nussle, 534 U.S. 516, 532 (2002)) regardless of the relief sought by the prisoner or the relief offered by the process (Booth v. Churner, 532 U.S. 731, 741(2001)).

Administrative exhaustion in prisoner civil rights cases is normally decided on summary judgment except "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:19-cv-01999-JGB (JDE) | Date | October 24, 2019 |
|---|---|---|---|
| Title | Mark P. Gansert v. Orange County, California, et al. | | |

Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc); see also Jones v. Bock, 549 U.S. 199, 215 (2007) (exhaustion is not a pleading requirement but an affirmative defense that, if apparent on the face of the complaint, may support dismissal); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."), overruled on other grounds by Albino, 747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (same). Where an unexcused failure to exhaust is apparent on the face of the complaint, a court may dismiss an action for failure to exhaust administrative remedies on its own motion. Corona v. Ortiz, 2013 WL 1191833, at *4 (C.D. Cal. Mar. 1, 2013); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Although exhaustion is normally a precondition to suit, the PLRA does not require exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). Affirmative acts by prison officials that disrupt or prevent the exhaustion of remedies may make administrative remedies effectively unavailable. Nunez v. Duncan, 591 F.3d 1217, 1224-25 (9th Cir. 2010).

Here, the face of the Complaint reflects that Plaintiff had administrative remedies available and did not exhaust those remedies. Complaint at 2. Absent a showing that those remedies have been rendered effectively unavailable to Plaintiff, the PLRA mandates dismissal of the Complaint, without prejudice, until the grievance procedure has been exhausted.

III.
FAILURE TO SUPPORT IFP REQUEST WITH PRISON TRUST ACCOUNT STATEMENT

"A prisoner seeking to bring a civil action . . . or proceeding without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Here, Plaintiff's IFP Request (Dkt. 2) did not include a certified copy of Plaintiff's prison trust account statement for the six-month period immediately preceding the filing of the Complaint as required by 28 U.S.C. § 1915(a)(2). The IFP Request is therefore deficient.

IV.
CONCLUSION AND ORDER

Based upon the foregoing, **Plaintiff is therefore ORDERED to show cause in writing within thirty (30) days from the date of this Order** why this action should not be dismissed without prejudice pursuant to the PLRA for failure to exhaust administrative remedies. If Plaintiff contends that administrative remedies at the Jail were unavailable to him because of acts by Jail officials, Plaintiff should set forth in detail all facts in support of such an assertion.

In addition, **Plaintiff is further ORDERED to file within thirty (30) days from the date of this Order** a proper IFP Request, including a certified copy of Plaintiff's prison trust account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01999-JGB (JDE) | Date | October 24, 2019 |
|---|---|---|---|
| Title | Mark P. Gansert v. Orange County, California, et al. | | |

balance for the last six months as required by 28 U.S.C. § 1915(a)(2). <u>The Clerk is directed to forward Plaintiff a blank prisoner IFP Request form.</u>

If, after review of this Order, Plaintiff should decide not to further pursue this action at this time, Plaintiff may file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a). A voluntary dismissal of an action does not constitute a "strike" under 28 U.S.C. § 1915(g). <u>The Clerk is directed to provide Plaintiff with a copy of a Notice of Dismissal.</u>

Plaintiff is advised that if he fails to file the written response or amended IFP Request described above within thirty days of this Order, the Court may also recommend the dismissal of this action for lack of prosecution and for failure to comply with a Court order (<u>see</u> Fed. R. Civ. P. 41(b)) or for failing to comply with 28 U.S.C. § 1915(a)(2).

_____ : _____

Initials of Clerk:    mba